## CIRCUIT COURT OF FAIRFAX COUNTY

Fair Oaks Hospital et al.

·v.

Swanson

April 19, 1993

Case No. (Chancery) 127633

BY JUDGE QUINLAN H. HANCOCK

This matter is before the Court on Petitioner's Motion for Summary Judgment in the above-referenced case. Upon careful consideration of all of the evidence presented, both in court and in the various written submissions, as well as a review of applicable statutory authority, this Court grants Petitioner's Motion.

The underlying case comes to the Court on a Petition for Declaratory Judgment, in which Petitioner asks the Court to declare that the claims asserted by the Respondents must be filed with the Virginia Workers' Compensation Commission (formerly the Industrial Commission of Virginia) pursuant to the Virginia Birth-Related Neurological Injury Compensation Act ("the Act"), codified at Va. Code § 38.2-5000 *et seq.*

The Act provides that a child who sustains a birth-related neurological injury as defined in the Act may not sue a participating obstetrician or hospital but must instead file a claim for compensation with the Workers' Compensation Commission. Effective January 1, 1988, the Act applies to all live births where infants sustain brain or spinal cord injuries caused by oxygen deprivation or mechanical injuries that occur in labor, delivery, or in the immediate post-delivery period. Petitioner Fair Oaks Hospital was, at all times relevant to this proceeding, a participating hospital under the Act.

The Court is not persuaded by Respondents' argument that the Act does not apply in the instant case. The June 18, 1992, Notice of Claim clearly indicates Respondents' assertion that Amanda Swanson suffered the kinds of injuries which may fall under the Act's purview. Furthermore, as Peti-

tioner notes, Respondents' Answer to Interrogatory No. 3 specifically denies that Amanda was injured by any cause other than one which would bring this case under the Act. This Court is of the opinion that the Workers' Compensation Commission is the proper forum for a determination of whether Amanda's injuries are birth-related neurological injuries as defined in the Act.